IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JOSE RAMIREZ, ) | No. CV-F-03-6184 REC/SMS HC |
| ) | |
| ) | ORDER DENYING PETITION FOR |
| ) | WRIT OF HABEAS CORPUS AND |
| Petitioner, ) | DIRECTING ENTRY OF JUDGMENT |
| ) | FOR RESPONDENT |
| vs. ) | |
| ) | |
| ) | |
| MICHAEL KNOWLES, WARDEN, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

On April 7, 2005, the United States Magistrate Judge recommended that the court deny petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

On April 29, 2005, petitioner timely filed objections to the recommendation.

The court has reviewed the record herein de novo.

Petitioner objects that the Magistrate Judge incorrectly described the standard of review required by the Supreme Court for a determination of a claim of ineffective assistance of counsel. In the recommendation, the Magistrate Judge properly

1

described the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  However, with regard to the prejudice prong of the <u>Strickland</u> test, the Magistrate Judge stated in pertinent part:

> Second, the petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable.  <u>Strickland</u>, 466 U.S. at 688.  The court must also evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness.  <u>Id</u>.  <u>Quintero-Barraza</u>, 78 F.3d at 1345; <u>United States v. Palomba</u>, 31 F.3d 1356, 1461 (9th Cir. 1994).  To set aside a conviction or sentence solely because the outcome would have been different, but for counsel's error, may grant the petitioner a windfall to which the law does not enable him.  <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369-70 ... (1993).  Thus, if the court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must then ask whether despite the errors and prejudice the trial was fundamentally fair and reliable.  <u>Id</u>.

In <u>Lockhart v. Fretwell</u>, the Supreme Court, after referring to <u>Strickland</u>'s two components to an ineffective assistance claim, stated:

> Under our decisions, a criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' ... Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.  To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which

2

the law does not entitle him.

506 U.S. at 369-370.  However, in Williams v. Taylor, 529 U.S. 362, 392-395 (2000), the Supreme Court explained that Lockhart does not alter the generally applicable Strickland standard for determining ineffective assistance of counsel:

> The Virginia Supreme Court erred in holding that our decision in Lockhart v. Fretwell ... modified or in some way supplanted the rule set down in Strickland.  It is true that while the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims, there are situations in which the overriding focus on the fundamental fairness may affect the analysis.  Thus, on the one hand, as Strickland itself explained, there are a few situations in which prejudice may be presumed ... And, on the other hand, there are also situations in which it would be unjust to characterize the likelihood of a different outcome as legitimate 'prejudice.'  Even if a defendant's false testimony might have persuaded the jury to acquit him, it is not fundamentally unfair to conclude that he was not prejudiced by counsel's interference with his intended perjury. Nix v. Whiteside, 475 U.S. 157, 175-176 ... (1986).
>
> Similarly, in Lockhart, we concluded that, given the overriding interest in fundamental fairness, the likelihood of a different outcome attributable to an incorrect interpretation of the law should be regarded as a potential 'windfall' to the defendant rather than the legitimate 'prejudice' contemplated by our opinion in Strickland. The death sentence that Arkansas had imposed on ... Fretwell was based on an aggravating circumstance ... that duplicated an element of the underlying felony ... Shortly before the trial, the ... Eighth Circuit [in Collins v. Lockhart] had held that such 'double counting' was impermissible ..., but Fretwell's lawyer (presumably because he was unaware of the Collins decision) failed to object to the use of the pecuniary gain

3

> aggravator.  Before Fretwell's claim for federal habeas corpus relief reached this Court, the Collins case was overruled. Accordingly, even though the Arkansas trial judge probably would have sustained a timely objection to the double counting, it had become clear that the State had a right to rely on the disputed aggravated circumstance. Because the ineffectiveness of Fretwell's counsel had not deprived him of any substantive or procedural right to which the law entitled him, we held that his claim did not satisfy the 'prejudice' component of the Strickland test.
>
> Cases such as Nix v. Whiteside ... and Lockhart v. Fretwell ... do not justify a departure from a straightforward application of Strickland when the ineffectiveness of counsel does deprive the defendant of a substantive or procedural right to which the law entitles him.  In the instant case, it is undisputed that Williams had a right - indeed, a constitutionally protected right - to provide the jury with the mitigating evidence that his trial counsel either failed to discover or failed to offer.
>
> Nevertheless, the Virginia Supreme Court read our decision in Lockhart to require a separate inquiry into fundamental fairness even when Williams is able to show that his lawyer was ineffective and that his ineffectiveness probably affected the outcome of the proceeding. ....
>
> ...
>
> Unlike the Virginia Supreme Court, the state trial judge omitted any reference to Lockhart and simply relied on our opinion in Strickland as stating the correct standard for judging ineffective-assistance claims.
> ...
>
> ...
>
> The trial judge analyzed the ineffective-assistance claim under the correct standard; the Virginia Supreme Court did not.

4

1  Because the claims of ineffective assistance of counsel made by
2  petitioner in this action are not similar to those made in <u>Nix</u>
3  and <u>Lockhart</u>, the standard for determining such claims on habeas
4  relief set forth in the recommendation is incorrect as a matter
5  of law.  However, it is clear that the recommendation that the
6  court deny petitioner's claims of ineffective assistance of
7  counsel is based on the <u>Strickland</u> standard.  Consequently, the
8  error of law stated in the recommendation does not affect the
9  analysis of petitioner's various claims set forth therein.
10      The court concludes from its review of the record and the
11 arguments of the parties that petitioner has not demonstrated
12 ineffective assistance of counsel entitling him to relief under
13 the <u>Strickland</u> standard and the standards governing federal
14 habeas review under Section 2254 as amended by the AEDPA.  The
15 court concurs with the recommendation of the Magistrate Judge
16 with respect to petitioner's claims and adopts the recommendation
17 with respect to each of petitioner's claims of ineffective
18 assistance of counsel.
19      ACCORDINGLY:
20      1.  The petition for writ of habeas corpus pursuant to 28
21 U.S.C. § 2254 is denied.
22      2.  The Clerk of the Court is directed to enter judgment for
23 respondent.
24      IT IS SO ORDERED.
25 **Dated:  May 26, 2005**              **/s/ Robert E. Coyle**
   668554                           UNITED STATES DISTRICT JUDGE
26

5